United States District Court
Southern District of Texas
**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:23-CV-00095 |
| | § | |
| ASSORTED JEWELRY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The United States has moved for entry of default judgment in this *in rem* forfeiture case. (Doc. No. 15.) For the reasons discussed below, the undersigned recommends that the United States' motion be granted and that the district court enter a default judgment against Defendant Assorted Jewelry,[1] Defendant $69,450 United States Currency ("Defendant Currency 1"), and Defendant $36,420 United States Currency ("Defendant Currency 2") (collectively, the "Defendant Properties") and an order of forfeiture of the Defendant Properties. The United States has shown that the parties that have an interest in the Defendant Properties are in default, that default judgment is procedurally warranted, that the United States has issued the notices required for a default judgment of forfeiture, and that the United States has sufficiently pleaded its basis for a default judgment of forfeiture.

---

[1] Defendant Assorted Jewelry is described in Attachment A to the United States' *in rem* complaint. It is comprised of a men's Rolex watch, two gold pendants, a gold rope chain, and a gold link chain. Defendant Assorted Jewelry is valued at $15,000. *See* Doc. No. 7, p. 5.

### A. *Background.*

This case arises from a seizure of proceeds of unlawful activity. The United States' allegations in the *in rem* complaint are unrebutted, as any parties who might have an interest in the Defendant Properties have defaulted. The undersigned adopts those unrebutted factual allegations.

In October 2022, agents of the Drug Enforcement Administration arrested Thomas Simmons and Brenda Vega on suspicion of drug trafficking. *See* Doc. No. 1, p. 5 ¶ 5. Subsequent searches at two residences unearthed the Defendant Properties, as well as several firearms, a money counter, a scale, controlled substances, and materials used in the conversion of black tar heroin to brown heroin. *See id.* at 3-4 ¶¶ 6-7. One of the residences belonged to Vega ("Residence 1"). *Id.* at 3, 4 ¶¶ 7, 8. The other belonged to both Vega and Simmons ("Residence 2"). *Id.* Defendant Currency 1 was found in a shoebox in a closet in Residence 1. *Id.* at 3-4 ¶ 7. Vega primarily stayed at Residence 1. *Id.* at 4 ¶ 8. Defendant Currency 2 was found in Residence 2, in the same room as Defendant Assorted Jewelry, the drugs, the scale, and the money counter, as well as a ledger. *Id.* at 3 ¶ 6. Vega was Simmons' girlfriend, Simmons said. *Id.* at 4 ¶ 8. Although he initially claimed that Defendant Currency 1 belonged to Vega by virtue of her "consulting business," Simmons later told agents that he sold drugs as his primary means of income and that he stored cash proceeds from drug sales at both residences. *Id.* at 4, 5 ¶¶ 8, 11.

Simmons stated that the Defendant Assorted Jewelry and Defendant Currency 2 belonged to him. (Doc. No. 1, p. 4 ¶ 9.) Although for a time he asserted that Defendant Currency 1 belonged to Vega (*id.* at 4 ¶ 8), Simmons later acknowledged that Defendant Currency 1 was a combination of his and Vega's money. *Id.* at 5 ¶ 11. Simmons estimated that he had left more

than $60,000 at Residence 1.  *Id.*[2]  He said that he split his drug money between the two residences to avoid having all of it stolen.  *Id.*

The Drug Enforcement Administration initiated an administrative forfeiture proceeding for the Defendant Properties.  Vega filed a claim on January 4, 2023, contesting the administrative forfeiture of the Defendant Properties, so the United States initiated this civil forfeiture action on April 3, 2023.  *See* 18 U.S.C. § 983(a)(3)(A).

The United States' claim is filed as a verified complaint for forfeiture *in rem* against the Defendant Properties.  The complaint provided the basis for this Court's jurisdiction, for jurisdiction *in rem*, and for venue in this Division and District.  (Doc. No. 1, pp. 2-3 ¶¶ 2, 3, 4.)  The complaint also stated that 21 U.S.C. § 881(a)(6) provided the legal basis for forfeiture as moneys and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act.  *Id.* at 2-3.  The complaint further alleged the facts pertaining to the narcotics trafficking, as summarized here.  *Id.* at 3-5.[3]  Finally, the complaint requested entry of judgment of forfeiture against the defendant properties.  *Id.* at 6.

On April 4, 2023, the United States sent notice and copies of its *in rem* complaint to Vega and Simmons by certified mail, return receipt requested.  (Doc. Nos. 8, 8-1, 9, 9-1.)  Vega's certified mail receipt was returned signed.  (Doc. No. 8-1.)  Simmons' certified mail receipt was signed by a representative of Simmons' defense attorney.  (Doc. No. 9-1.)  The notices advised

---

[2] Defendant Currency 1 is $69,450 in United States currency.

[3] The *in rem* complaint does not allege that either Simmons or Vega were charged with any crime.  The undersigned takes judicial notice, however, that Simmons was charged by indictment for possessing methamphetamine with intent to distribute in case number 2:22-cr-00720.  His indictment was later dismissed without prejudice.  *See* Docket Sheet, *United States v. Simmons*, No. 2:22-cr-00720 (S.D. Tex.).

Simmons and Vega that the deadline for filing a verified claim was 35 days after the notice was sent, specified the requirements for filing a claim, and informed Simmons and Vega that claims must be served on the assigned Assistant United States Attorney who signed the notice. (Doc. No. 8-1, p. 1; Doc. No. 9-1, p. 1.) The notices also advised Simmons and Vega that they must also file and serve an answer to the *in rem* complaint within 21 days after filing the claim. (Doc. No. 8-1, pp. 1-2; Doc. No. 9-1, pp. 1-2.)

Additionally, the United States published notice of this forfeiture action on the www.forfeiture.gov web site for at least 18 hours each day between April 5 and May 4, 2023. (Doc. No. 7, pp. 5-6.) The notice advised people claiming a legal interest in the Defendant Properties that they must file a verified claim with the Court within 60 days of the first day of publication (April 5) and an answer to the *in rem* complaint within 21 days thereafter, with copies to the assigned Assistant United States Attorney. *Id.* at 5. The notice warned that default and forfeiture would be ordered if a claim and answer were not filed. *Id.*

Neither Simmons nor Vega filed a verified claim or answer to the *in rem* complaint. No other party did, either. The United States sought and obtained an entry of default from the Clerk. (Doc. Nos. 13, 14.) The United States now seeks default judgment against the Defendant Properties. (Doc. No. 15.)

### B. Default judgment and notice requirements.

The United States has now moved for entry of default judgment and order of forfeiture. For a court to enter a default judgment in an *in rem* forfeiture action, the complaint must satisfy the pleading requirements of Supplemental Rule G to the Federal Rules of Civil Procedure. *United States v. $62,200.00 in U.S. Currency*, Civ. No. H-21-3971, 2023 WL 2386884, at *1 (S.D. Tex. Mar. 6, 2023) (Rosenthal, J.) (citing *In re Ramu Corp.*, 903 F.2d 312, 317 n.7 (5th

Cir. 1990)). The complaint must (1) be verified, (2) state the grounds for subject matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue, (3) describe the property with reasonable particularity, (4) if the property is tangible, state its location when any seizure occurred and – if different – its location when the action is filed, (5) identify the statute under which the forfeiture action is brought, and (6) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. *Id.* (citing Fed. R. Civ. P. G(2)). The United States must also provide notice to potential claimants. Fed. R. Civ. P. G(4)(A). "Additionally, as in all *in rem* actions, the government must 'state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.'" *$62,200.00 in U.S. Currency*, 2023 WL 2386884, at *1 (quoting Fed. R. Civ. P. E(2)(a)).

The United States ultimately bears the burden of demonstrating by a preponderance of the evidence that the Defendant Properties are subject to forfeiture. *See* 18 U.S.C. § 983(c)(1).

The United States is also required to public notice of an in rem forfeiture action. Fed. R. Civ. P. G(4)(a)(i). This may be done on the government's forfeiture web site, where the notice must appear for at least 30 days. Fed R. Civ. P. G(4)(a)(iv)(C). The published notice must describe the property with reasonable particularity, state the times under Rule G(5) to file a claim and to answer, and name the government attorney to be served with the claim and answer. Fed. R. Civ. P. G(4)(a)(ii). The United States must also send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the United States before the end of the time for filing a claim under Rule G(5)(a)(ii)(B). Fed. R. Civ. P. G(4)(b)(i). The papers must be sent by means reasonably calculated to reach the

potential claimant.  Fed R. Civ. P. G(4)(b)(iii)(A).  These papers may be sent directly to the claimant, or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.  Fed. R. Civ. P. G(4)(b)(iii)(B).  The notice papers must state the date on which the notice is sent, a deadline for filing a verified claim, at least 35 days after the notice is sent, that an answer or motion under Rule 12 must be filed no later than 21 days after filing the verified claim, and the name of the government attorney to be served with the claim and answer.  Fed. R. Civ. P. G(4)(b)(ii).

### C. Analysis.

The undersigned finds that the United States' *in rem* claim against the Defendant Properties is procedurally and factually sufficient, and that entry of a default judgment and an order of forfeiture is appropriate.

The United States' claim is verified by Task Force Officer Agustin Perez.  (Doc. No. 1, p. 6.)  The United States has sufficiently pleaded this Court's jurisdiction and venue.  *Id.* at 2 ¶ 2-3.  The United States has also sufficiently pleaded the statutory basis for forfeiture – 21 U.S.C. § 881(a)(6).  (Doc. No. 1, pp. 2-3 ¶ 4.)  That statute authorizes the forfeiture to the United States of

> all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

The United States' unrebutted pleading, discussed above, recounts the basis for forfeiture of the Defendant Properties.  The undersigned concludes that the facts alleged, taken together, are sufficient to support a reasonable belief that the United States will be able to meet its

preponderance burden at trial. Defendant Currency 2 and Defendant Assorted Jewelry were found in Residence 2 in close proximity to drugs, firearms, a money counter, and a scale and were claimed by Simmons as his own. Defendant Currency 1 was found in Residence 1 in proximity to ammunition. Also present in Residence 1 was a blender smelling of heroin that Simmons stated he had taken to that residence, and Simmons also stated that he had split his drug money stashes between the two residences in order to avoid having it all stolen. *See* Doc. No. 1, pp. 3-4 ¶ 7; *id.* at 4-5 ¶ 11. These facts, considered as a whole, are sufficient to support the reasonable belief required for a default judgment of forfeiture. *Cf. United States v. $48,800, More or Less, in U.S. Currency*, No. 6:15-CV-364-RP, 2018 WL 1404408, at *3-*5 (W.D. Tex. Mar. 20, 2018) (possession of large amounts of cash and dog alert were probative of basis for forfeiture).

The United States' motion for default judgment describes acceptable notice under Supplemental Rule G. *See* Doc. No. 15, pp. 2-4 ¶¶ 3-8; *see also* Doc. Nos. 8, 8-1, 9, 9-1. That notice was sufficient for Simmons and Vega to file any claim contesting forfeiture of the Defendant Properties. *See id.*

Finally, the Court observes that neither Simmons nor Vega – nor anyone else – has filed either a verified claim or an answer to the *in rem* complaint.

Because the United States' allegations have clearly stated the circumstances under which its claim arises, because a preponderance of the evidence supports forfeiture, and because no one has filed a verified claim or answer, the undersigned concludes that default judgment is proper under the circumstances. The undersigned therefore recommends that the district court grant the United States' motion for default judgment.

### D. Conclusion and recommendation.

The district court should GRANT the United States' motion for default judgment (Doc. No. 15). The district court should enter a default judgment and an order of forfeiture of the Defendant Properties.

### E. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on November 9, 2023.

_____
MITCHEL NEUROCK
United States Magistrate Judge